**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CODY SIEGERT,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO: 5:23-cv-00397-FB** |
| **WILLIAMS-SONOMA STORES, INC. and** | § | |
| **JOHN DOE,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **CODY SIEGERT** ("Plaintiff") and files this Plaintiff's First Amended Petition and complains of **WILLIAMS-SONOMA STORES, INC. and SHANE SCOTT** ("Defendant"), and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

1. Plaintiff **CODY SIEGERT** is an individual residing in Bexar County, Texas.

2. Defendant **WILLIAMS-SONOMA STORES, INC.** is a business entity organized under the laws of the State of California with the right to transact business in Texas. Defendant has already appeared through counsel, therefore service is not required.

3. Defendant **SHANE SCOTT** is an employee of Defendant **WILLIAMS-SONOMA STORES, INC.** Upon information and belief, Defendant is a resident of Bexar County, Texas and works at the Williams-Sonoma store at 255 E. Basse Road, Suite 140, San Antonio, Texas 78209. Defendant

**SHANE SCOTT** may be served with process at his usual place of business at 255 E. Basse Road, Suite 140, San Antonio, Texas 78209 or wherever he may be found.

## II.
## JURISDICTION & VENUE

4.      Subject matter jurisdiction is not proper in this Court because complete diversity does not exist.

5.      Upon information and belief, Defendant **SHANE SCOTT,** identified in Plaintiff's Original Petition as "John Doe", was a resident of the State of Texas at the time Plaintiff filed his Original Petition in the 57th Judicial District of Bexar County, Texas.

6.      As Plaintiff and Defendant **SHANE SCOTT** were not of diverse citizenship at the time of filing, subject matter jurisdiction is not proper in this Court under 28 U.S.C. §1332.

## III.
## FACTS

7.      On or about February 25, 2022, Plaintiff **CODY SIEGERT** was at the Williams-Sonoma located at 255 East Basse Road, Ste. 140, San Antonio, Texas 78209 with his wife. Defendant **SHANE SCOTT** was an employee of Defendant **WILLIAMS SONOMA** at that time, and was in the course and scope of his employment with Defendant **WILLIAMS SONOMA**. Defendant **SHANE SCOTT** had his Great Dane dog with him at the time, and allowed Plaintiff to approach the dog. Suddenly and without warning, the Great Dane bit Plaintiff in the face. As a result of Defendants' negligent acts and/or omissions, Plaintiff suffered serious and permanent injuries.

## IV.
## CAUSES OF ACTION

### A.     *STRICT LIABILITY OF SHANE SCOTT*

8.      Defendant is strictly liable pursuant to SECTION 509 of the RESTATEMENT (SECOND) OF TORTS and as adopted by the Supreme Court of Texas for the following reasons:

      a.   Defendant owned a domesticated animal that had dangerous propensities abnormal to its class;

    b.  Defendant knew or should have known that the domesticated animal had dangerous propensities abnormal to its class; and

    c.  These dangerous propensities were the producing cause of Plaintiff's injuries.

9.  Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the dog attack and injuries and other losses as specifically set forth herein.

## B.  NEGLIGENT HANDLING OF SHANE SCOTT

10.  Defendant **SHANE SCOTT** is liable for Plaintiff's damages under the theory of negligent handling of the Great Dane for the following reasons:

    a.  in failing to confine or restrict the animal in a secure enclosure;

    b.  in failing to provide adequate controls and physical restraints over the animal in question;

    c.  in failing to instruct persons to restrain the animal in question;

    d.  in failing to properly train the animal in question so as to prevent the animal from attacking the Plaintiff or other members of the general public;

    e.  in failing to place the animal behind a fenced area, in a kennel, on a leash or under some other form of restraint;

    f.  in failing to provide any type of enclosure or other protective device for confining or restraining the animal for the purpose of protecting the Plaintiff and other members of the general public from being attacked by the animal

    g.  in failing to warn the Plaintiff and other members of the general public of the dangerous and uncontrollable disposition of the animal;

    h.  in negligently handling the animal so as to prevent the animal from attacking and injuring the Plaintiff or other members of the general public; and

    i.  in failing to attempt to stop the animal from attacking the Plaintiff or other members of the general public after the attack had begun.

## C.  NEGLIGENCE OF DEFENDANT WILLIAMS SONOMA

11.  Defendant **SHANE SCOTT**'s status an employee of Defendant **WILLIAMS SONOMA** in the course and scope of his employment with his employment makes Defendant **WILLIAMS**

**SONOMA** vicariously liable for the negligent act/omissions of Defendant **SHANE SCOTT** under the theory of *respondeat superior*.

12.    At all times material, Plaintiff was an invitee on Defendant **WILLIAMS SONOMA**'s premises.

13.    As such, Defendant **WILLIAMS SONOMA** owed a duty to Plaintiff to keep its premises in a reasonably safe condition so that Plaintiff would not be injured.

14.    Defendant **WILLIAMS SONOMA** is liable for Plaintiff's damages under the theory of negligence for the following reasons:

    a.    Allowing the large breed dog to be on the premises;

    b.    Failure to remove the dog from the premises;

    c.    Failure to ensure that the large breed dog was kept away from invitees;

    d.    Failure to warn invitees of the dangers associated with the large breed dog;

    e.    Failure to take steps to protect invitees from the large breed dog; and

    f.    Other acts/omissions so deemed negligent.

### D.    *GROSS NEGLIGENCE*

15.    Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendants outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendants' conduct in allowing invitees to come in close contact with the large breed dog and failing to do anything to stop it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendants had actual, subjective awareness of the risk involved

but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

**11.**    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## V.
## DAMAGES

11.    As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of their injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

12.    As a result, the damages sought are within the jurisdictional limits of the Court. **The monetary relief sought is over $1,000,000.00.**

## VI.
## INTEREST

13.    Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VII.
## DEMAND FOR JURY TRIAL

14.     Plaintiff **CODY SIEGERT** demands a trial by jury. Plaintiff acknowledges payment on this date of the required jury fee.

## VIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

15.     The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: mbrennan-svc@tjhlaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiff have a judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.  Pain and suffering in the past;
2.  Pain and suffering in the future;
3.  Mental anguish in the past;
4.  Mental anguish in the future;
5.  Past medical expenses;
6.  Future medical expenses;
7.  Pre-judgment interest; and
8.  Post-judgment interest.

*(signature block on next page)*

Respectfully submitted,

**THE LAW OFFICE OF THOMAS J HENRY, PLLC**
P.O Box 696025
San Antonio, Texas 78269
Phone: 210-656-1000 | Fax: 361-985-0601

By: _____

**MICHAEL D. BRENNAN**
State Bar No. 24128422
*E-mail: mbrennan-svc@tjhlaw.com
***ATTORNEYS FOR PLAINTIFF***

***\*E-service by email to this address only***

## CERTIFICATE OF SERVICE

In accordance with Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE, on the _6th_ day of **April,** 2023 a true and correct copy of the above and foregoing instrument was served upon:

VIA CM/ECF: michael@griffinandgriffin.us
GRIFFIN & GRIFFIN
Michael J. Griffin III
18230 FM 1488 Road, Suite 330
Magnolia, Texas 77354
Telephone: 713-228-6568 | Fax: 713-228-9900
***ATTORNEY FOR DEFENDANT***
***WILLIAMS-SONOMA STORES, INC.***

_____
Michael D. Brennan